UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                    Case No.: 8:24-cr-532-JLB-CPT

LEOPOLDO ANTUNEZ-CORNELIO
_____/


## **O R D E R**

Before the Court is Defendant Leopoldo Antunez-Cornelio's motion in limine regarding the scope of his guilty plea.  (Doc. 73).  By way of his motion, Antunez-Cornelio seeks to confine the facts he must admit in order to plead guilty to one of the offenses for which he has been indicted.  *Id*.  For the reasons discussed below, Antunez-Cornelio's motion is denied.

I.

Antunez-Cornelio stands charged in a superseding indictment with, among other crimes, illegal reentry by a deported alien following a conviction for an aggravated felony in violation of 8 U.S.C. §§ 1326(a), (b)(2).  (Doc. 31).  In support of this charge, the superseding indictment alleges that Antunez-Cornelio was (1) convicted of methamphetamine trafficking in 2009 and illegal reentry by a deported alien in 2010 and 2014;[1] and (2) removed from this country in 2012 and 2020.  *Id*.

---

[1] Whether these convictions are aggravated felonies is a question of law.  *Ramsey v. I.N.S.*, 55 F.3d

At a plea hearing requested by Antunez-Cornelio, he declined to stipulate to being convicted of an aggravated felony prior to his 2012 and 2020 removals on the ground that such an admission was unnecessary.  The government disagreed with Antunez-Cornelio's position.  (Doc. 66).  In light of the parties' dispute, the Court directed that they brief the issue.  The parties have since done so (Docs. 68, 70), and the matter is now ripe for the Court's consideration.

## II.

It is well settled that "[v]irtually any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)." *Erlinger v. United States*, 602 U.S. 821, 834 (2024) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (internal quotation marks omitted)).  It is likewise firmly established that such facts are elements of a crime. *See Alleyne v. United States*, 570 U.S. 99, 103 (2013) ("Any fact that, by law, increases the penalty for a crime is an element.") (internal quotation marks and citation omitted).

The parties' quarrel here centers around the language of section 1326. Subsection (a) of this statute provides, in relevant part, that any alien who has been removed from the United States and is thereafter found in this country is subject to a maximum term of imprisonment of two years. *See* 8 U.S.C. § 1326(a).  As pertinent

---

580, 582 (11th Cir. 1995).  While the government maintains that all three convictions fall into this category (Doc. 68 at 5–6), the Court need not decide this question at this juncture.

here, however, subsection (b)(2) provides that if the alien's "removal was subsequent to a conviction for [the] commission of an aggravated felony," he is subject to a maximum term of imprisonment of twenty years.  8 U.S.C. § 1326(b)(2).  "In other words, to trigger the increase in the statutory maximum sentence under [section] 1326(b)(2), an alien must first be convicted of an aggravated felony, then be removed, and then . . . reenter [the United States], in that order." *United States v. Covian-Sandoval*, 462 F.3d 1090, 1097 (9th Cir. 2006) (citations omitted).

Notwithstanding the language of section 1326(b)(2) and the dictates of *Erlinger* and *Alleyne*, Antunez-Cornelio argues that under the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), the fact of his prior aggravated felony conviction(s) is not an element of the illegal re-entry offense for which he has been indicted, and he thus need not admit it. (Doc. 73 at 1–3).  In *Almendarez–Torres*, the Court ruled that a judge may enhance a sentence pursuant to section 1326(b)(2) for a prior conviction even if the fact of the conviction was not averred in the indictment, submitted to a jury, or proved beyond a reasonable doubt. *Almendarez–Torres*, 523 U.S. at 226–27.  As the Court has since noted, its ruling in *Almendarez–Torres* was predicated, at least in part, on the notion that a prior conviction is obtained through procedures that satisfy the constitutional guarantees of "fair notice, reasonable doubt, and a jury trial." *Jones v. United States*, 526 U.S. 227, 249 (1999).

Antunez-Cornelio's reliance on *Almendarez-Torres* is misplaced.  As an initial matter, the defendant in *Almendarez-Torres* stipulated at his plea hearing that he had

been convicted of three aggravated felonies prior to his deportation. *Almendarez–Torres*, 523 U.S. at 227 (1998). This admission effectively mooted this factual issue such that it did not have to be submitted to a jury. *See Apprendi*, 530 U.S. at 488 (observing that a defendant's admission of a fact which constitutes an element removes any "question concerning the right to a jury trial or the standard of proof that would apply" to that factual matter). Antunez-Cornelio does not make any such concession here. (Doc. 70 at 1).

Irrespective of this distinction, since issuing *Almendarez-Torres*, the Supreme "Court has expressly delimited . . . [the] reach" of this decision to the point it persists merely "as a 'narrow exception' permitting judges to find *only* 'the fact of a prior conviction.'" *Erlinger*, 602 U.S. at 838 (emphasis added) (quoting *Alleyne*, 570 U.S. at 111 n.1); *see also id*. at 837 (stating that in *Almendarez-Torres*, the Court allowed "a judge to undertake the job of finding the fact of a prior conviction—and that job alone"); *United States v. Rojas-Luna*, 522 F.3d 502, 505 (5th Cir. 2008) ("It is . . . clear that the Supreme Court will not countenance any expansion of *Almendarez-Torres*."). Although still good law, *Almendarez-Torres* has been the target of continued criticisms that have raised doubts about whether it will ultimately survive. As the Court explained in *Erlinger*:

> Almost immediately . . . [after *Almendarez-Torres* was issued], th[at] decision came under scrutiny. The Court has since described *Almendarez-Torres* as at best an exceptional departure from historic practice[,] . . . [as] part[ing] ways from the uniform course of decision during the entire history of our jurisprudence[,] . . . [as] arguabl[y] . . . incorrec[t, and as]

amount[ing] to an unusual . . . exception to the Sixth Amendment rule in criminal cases that any fact that increases the penalty for a crime must be proved to a jury.

*Erlinger*, 602 U.S. at 837 (internal quotation marks and citations omitted).

Against this backdrop, it is evident that while a court can make a finding of a prior conviction in accordance with *Almendarez-Torres*, that is all it can do.[2]  And this exposes a problem with Antunez-Cornelio's position, as the issue here is not simply the fact of his prior (allegedly) aggravated felony conviction(s), but the temporal relationship between those prior conviction(s) and his subsequent removal(s).  *See United States v. Salazar-Lopez*, 506 F. 3d 748, 752 (9th Cir. 2007) ("[T]he temporal relationship between [the defendant's] removal and his previous conviction was a fact that increased the maximum sentence that he faced [as a result of his conviction for being a previously removed alien found in the United States in violation of section 1326].").  In other words, it is not solely the existence of the prior aggravated felony conviction(s) that is of import here, it is that such conviction(s) occurred before Antunez-Cornelio was later removed.  As a result, Antunez-Cornelio cannot plead guilty to the charged illegal reentry offense under section 1326(b)(2) without admitting

---

[2] A court's finding of a prior conviction may include certain aspects of the conviction.  *See Erlinger*, 602 U.S. at 839–40 (noting that *Almendarez-Torres* authorizes "a judge to find 'what crime, with what elements, the defendant was convicted of,'" as well as "the jurisdiction in which the defendant's crime occurred and its date") (quoting *Mathis v. United States*, 579 U.S. 500, 511–512 (2016) (Thomas, J., concurring)); *United States v. Reece*, 653 F. App'x 681, 682–83 (11th Cir. 2016) (concluding that *Almendarez-Torres* foreclosed the defendant's constitutional challenge to a section 1326(b)(2) "enhancement based on the finding that his qualifying prior conviction was an aggravated felony because it was not alleged in the indictment or proved to the jury beyond a reasonable doubt").

the fact of the subsequent removal(s).  Several courts which have confronted this issue, including two Circuit Courts of Appeal, have arrived at a similar conclusion.  *See, e.g., Rojas-Luna*, 522 F.3d at 506 ("[T]he Supreme Court has clearly indicated that *Almendarez-Torres* is limited to prior convictions and that any other fact used to increase a sentence beyond a statutory maximum must be proven to a jury.  Therefore, the district court . . . erred in finding the fact of [the defendant's] removal [following a previous conviction] for purposes of increasing his sentence under [section] 1326(b)(2) beyond the statutory maximum."); *Covian-Sandoval*, 462 F. 3d at 1098 (recognizing in an attempted illegal reentry prosecution under section 1326 that although the district court did not have to submit the fact of the defendant's prior conviction to the jury under *Almendarez–Torres*, it committed plain error because the date of the prior removal (necessary to determine whether the removal had followed the conviction in time) was not admitted by the defendant or found by a jury); *United States v. Patterson*, 2023 WL 2011225, at *5 (D. Conn. Feb. 15, 2023) (ruling that to subject a defendant to an enhanced penalty under section 1326(b), the government "must prove—beyond a reasonable doubt—that the specific deportation was subsequent to a [qualifying] conviction") (internal quotation marks and citations omitted).

This conclusion coheres with the above-described rationale that, at least in part, animated the Supreme Court's decision in *Almendarez–Torres*.  As the court in *Rojas-Luna* observed:

> [O]ne of the reasons the Supreme Court has countenanced the use of a prior conviction to enhance a sentence is that a prior conviction is the product of procedures that encompass the constitutional guarantees of fair notice, reasonable doubt, and a jury.  Removals, on the other hand, are not subject to the same constitutional requirements.  Consequently, while a court may use a prior conviction with the knowledge that the defendant was given multiple constitutional protections, the same cannot be said for prior removals.

522 F.3d at 505–06 (internal case citations omitted).

B.

Antunez-Cornelio alternatively contends that even if his *Almendarez–Torres* argument fails, he should still be permitted to plead guilty to the charged illegal reentry offense without admitting the facts proffered by the government or the "precise elements of the offense."  (Doc. 70 at 4).  To buttress this contention, Antunez-Cornelio points to Federal Rule of Criminal Procedure 11, which he claims requires that a court only "make an inquiry factually precise enough and sufficiently specific to develop that (defendant's) conduct on the occasions involved was within the ambit of that defined as criminal."  *Id.* (quoting *United States v. Bethany*, 489 F. 2d 91, 92 (5th Cir. 1974)[3]) (internal quotation marks omitted)).  This argument fails as well.

To begin, the Supreme Court has long made clear that "a guilty plea is an *admission* of all the elements of a formal criminal charge."  *McCarthy v. United States*, 394 U.S. 459, 466 (1969) (emphasis added).  Indeed, this axiom is reflected in the

---

[3] The Eleventh Circuit, in its en banc decision in *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), adopted as precedent the opinions of the former Fifth Circuit rendered prior to October 1, 1981.

7

above-referenced Supreme Court decisions, which demand that—as with any other element of a crime—"any fact that increases the prescribed range of penalties to which a criminal defendant is exposed must be resolved by a unanimous jury beyond a reasonable doubt . . . or freely *admitted* [by a defendant] in a guilty plea[.]" *Erlinger*, 602 U.S. at 834 (2024) (quoting *Apprendi*, 530 U.S. at 490) (internal quotation marks omitted).  Following the Supreme Court's lead, the Eleventh Circuit has likewise recognized that a defendant entering a guilty plea must admit all the elements of the charged offense.  *See United States v. Gillis,* 938 F. 3d 1181, 1201 (11th Cir. 2019) ("Elements are the constituent parts of a crime's legal definition . . . and[,] at a plea hearing, they are what the defendant necessarily *admits* when he pleads guilty") (internal quotation marks and citations omitted) (emphasis added); *United States v. Torres*, 504 F. App'x 810, 812 (11th Cir. 2013) ("A guilty plea pursuant to Rule 11[ ] is . . . an admission of the elements of the formal criminal charge[.]") (per curiam) (citing *McCarthy*, 394 U.S. at 466); *United States v. Palacios*, 516 F. App'x. 734, 737 (11th Cir. 2013) ("'A district court accepting a plea must determine whether the conduct which the defendant *admits* constitutes the offense . . . to which the defendant has pleaded guilty.'") (quoting *United States v. DePace,* 120 F. 3d 233, 238 (11th Cir. 1997) (emphasis added)); *United States v. Saac*, 632 F.3d 1203, 1209 (11th Cir. 2011) ("[A] guilty plea serves as an *admission* of all the elements of a formal criminal charge.") (internal quotation marks and citations omitted) (emphasis added).

This fundamental principle is also embodied in Rule 11 itself.  That rule states, in relevant part, that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."  Fed. R. Crim. P. 11(b)(3). Contrary to Antunez-Cornelio's contention, however, the Advisory Committee notes from as far back as 1966 emphasized that, in performing this function, the court "should satisfy itself . . . that the conduct which the defendant *admits* constitutes the offense . . . to which the defendant [i]s plead[ing] guilty." Fed. R. Crim. P. 11 advisory committee's notes to 1966 amendment (emphasis added); *see also Libretti v. United States*, 516 U.S. 29, 38 (1995) (noting that a district judge complies with "the requirements of [Rule 11] when he determine[s] 'that the conduct which the defendant *admits* constitutes the offense charged . . . to which the defendant has pleaded guilty'") (quoting Advisory Committee's Notes on Fed. R. Crim. P. 11 ) (emphasis added); *United States v. Mosley*, 173 F. 3d 1318, 1324 (11th Cir. 1999) ("[W]e must . . . affirm the district court if the record provides a basis for the court's finding that the defendant understood what he was *admitting* and that what he was *admitting* constituted the crime charged.") (internal quotation marks and citation omitted) (emphasis added).[4]

---

[4] The *Bethany* decision to which Antunez-Cornelio cites does not alter this analysis.  As noted above, the advisory committee notes to Rule 11 instructed well before *Bethany* that a defendant must admit to the conduct underlying the offense to which he is pleading guilty.  *See* Fed. R. Crim. P. 11 advisory committee's notes to 1966 amendment.  Nothing in Rule 11 can be fairly read to undermine this maxim.

III.

Based upon the foregoing, Antunez-Cornelio's motion in limine regarding to the scope of his plea (Doc. 73) is denied.

SO ORDERED in Tampa, Florida this 2nd day of March 2026.

HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record